UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARCOS A. ARRAZOLA,
JOSUE TEJADA,
FRANCISCO DAVILA,
and other similarly-situated individuals,

      Plaintiffs,

v.

JIAO CONSULTING & MANAGEMENT LLC
d/b/a NOW & ZEN,
JEAN-ALEXANDRE P MAUFROY,
And BENOIT R NANQUETTE, individually,

      Defendants,
_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs MARCOS A. ARRAZOLA, JOSUE TEJADA, and

FRANCISCO DAVILA, and other similarly-situated individuals, by and through the

undersigned counsel, and hereby sue Defendants JIAO CONSULTING &

MANAGEMENT LLC d/b/a NOW & ZEN, JEAN-ALEXANDRE P MAUFROY, and

BENOIT R NANQUETTE, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum wages under the

    laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §

    1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for

    jurisdictional placement) ("the Act").

2. Plaintiffs MARCOS A. ARRAZOLA, JOSUE TEJADA, and FRANCISCO DAVILA are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs were covered employees for purposes of the Act.

3. Defendant JIAO CONSULTING & MANAGEMENT LLC d/b/a NOW & ZEN (hereinafter JIAU CONSULTING) is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiffs worked for Defendants. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendants JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE, were and are now, the owners, directors and operating managers of Defendant Corporation, JIAU CONSULTING. Individual Defendants JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

6. Defendant JIAU CONSULTING operates Now & Zen, an upscale Asian restaurant located in South Beach. The exact address of the business is 736 First Street, Miami Beach Florida 33139.

7. On or about December 6, 2016, Defendant JIAU CONSULTING hired Plaintiffs MARCOS A. ARRAZOLA, JOSUE TEJADA, and FRANCISCO DAVILA to work at Now & Zen restaurant.

8. Plaintiffs MARCOS A. ARRAZOLA, and JOSUE TEJADA, were hired as bussers. Plaintiffs were paid the minimum wage rate for tipped employees plus tips. Plaintiffs were full time employees working 5 days per week, an average of 40 hour or more.

9. Plaintiff FRANCISCO DAVILA was hired as maintenance employee. Plaintiff had additional tasks such as dishwasher, and general restaurant work. Plaintiff was paid a wage rate of $10.00 an hour. Plaintiff was a full-time employee working 40 hours or more.

10. Plaintiffs MARCOS A. ARRAZOLA, JOSUE TEJADA, and FRANCISCO DAVILA worked from December 6, 2016, to March 24, 2017, or 15 weeks plus three days.

11. Plaintiffs punched in and out, they were paid bi-weekly, for less than 40 hours weekly. Plaintiffs complained to JEAN-ALEXANDRE P MAUFROY, but he became furious, and refused to pay. There were some weeks in which Plaintiffs worked overtime hours that were not paid at any rate.

12. On or about March 17, 2017, when Plaintiffs showed up to work, they found the restaurant closed with a sign that said that the restaurant would be temporarily closed due to minor repairs. This came as a complete surprise for Plaintiff, because Defendants never notified employees about the closing.

13. Plaintiffs returned the next day and found individual Defendants, who told them that they were closing the place. Defendants convinced Plaintiffs of working one more week moving out the restaurant's furniture, equipment and supplies to a storage facility.

14. Plaintiffs had been working three weeks without receiving their regular wages. They were promised to be paid, when they would finish the moving, the following Monday.

15. However, after Plaintiff completed his fourth unpaid week, Defendants did not answer Plaintiffs' telephone calls anymore, and never paid Plaintiffs for their last four weeks of work.

16. Defendants failed to pay Plaintiffs minimum wages and overtime according to the provisions of the Fair Labor Standards Act. (FLSA).

17. Plaintiffs MARCOS A. ARRAZOLA, JOSUE TEJADA, and FRANCISCO DAVILA seek to recover full minimum wages for the last four weeks of employment with Defendants; any unpaid regular hour; any unpaid overtime hour; liquidated damages and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action, are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and/or overtime at the rate of time and one half of their regular rate of pay for any hour worked in excess of forty.

19. This Complaint includes only a minimum wage claim, Plaintiffs will amend their Complaint after proper discovery.

## COUNT I:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS; AS PLAINTIFF MARCOS A. ARRAZOLA

20. Plaintiff MARCOS A. ARRAZOLA re-adopts each and every factual allegation in reference to him, as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

21. Defendant JIAU CONSULTING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a restaurant serving mostly the tourism industry. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto proportionally in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a restaurant employee working in an establishment serving to the tourism industry. In addition, Plaintiff through his multiples activities regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

23. This action is brought by Plaintiff MARCOS A. ARRAZOLA to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated

damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

24. Defendant JIAU CONSULTING employed Plaintiff MARCOS A. ARRAZOLA, as a busser, from December 6, 2016, to March 24, 2017, or 15 weeks plus three days.

25. While working at JIAU CONSULTING, Plaintiff was paid a minimum wage for tipped employees plus a portion of tips received by waiters, pursuant to a tip-pooling agreement.

26. Plaintiff worked 5 days per week, and he had a regular schedule. Plaintiff worked 40 hours per week or more every week. Plaintiff was paid bi-weekly.

27. Even though Plaintiff punched in and out, his paystubs mostly reflected less than 40 working hour per week.

28. Every week Plaintiff was paid for less than 40 hours. Plaintiff complained to JEAN-ALEXANDRE P MAUFROY, but he became furious, and refused to pay the missing regular hours.

29. On or about March 17, 2017, when Plaintiff showed up to work, he found the restaurant closed with a sign that said the restaurant would be temporarily closed due to minor repairs. This came as a complete surprise for Plaintiff, because Defendants never notified employees about the closing

30. Plaintiff returned the next day and found individual Defendants, who told him that they were closing the place. Defendants convinced Plaintiff of working one more week moving out the restaurant's furniture, equipment and supplies to a storage facility.

31. Plaintiff had been working three weeks without receiving his regular wages. He was promised to be paid, when they would finish the moving, the following Monday.

32. However, after Plaintiff completed his fourth unpaid week, Defendants did not answer Plaintiff's telephone calls anymore, and never paid Plaintiff for his last four weeks of work.

33. Therefore, Defendant JIAU CONSULTING failed to pay Plaintiff MARCOS A. ARRAZOLA minimum wages according to the provisions of the Fair Labor Standards Act. (FLSA).

34. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

35. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

\*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate.
\*Florida minimum wage for 2017 is $8.10, which is higher than Federal minimum Wage. As per FLSA regulations the higher minimum wage applies.

    a. Total amount of alleged unpaid wages:

    One Thousand Two Hundred Ninety-Six Dollars and 00/100 ($1,296.00)

    b. Calculation of such wages:

    Total weeks of employment: 15 weeks
    Total unpaid weeks: 4 weeks
    Total hours worked: 40 hours per week x week
    Florida Minimum Wage: $8.10

    $8.10 x 40 hours= $324.00 x 4 weeks = $1,296.00

    c. Nature of wages:

    This amount represents unpaid minimum wages at State of Florida rate

37. Defendant JIAU CONSULTING unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated from his day of hiring to his last day of employment.

38. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

39. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

40. At the times mentioned, individual Defendants JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE were and are now, the owners/managers of JIAU CONSULTING. Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of JIAU CONSULTING in relation to the employees of JIAU CONSULTING, including Plaintiff and others similarly situated. Defendants JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE had financial and operational control of the business, determined terms and conditions of Plaintiff's employment, provided Plaintiff with his work schedules, and they are jointly liable for Plaintiff's damages.

41. Defendants JIAU CONSULTING, JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE, willfully and intentionally refused to pay Plaintiff, and other similarly situated individuals, minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARCOS A. ARRAZOLA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants JIAU CONSULTING, JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MARCOS A. ARRAZOLA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS;**
**AS PLAINTIFF JOSUE TEJADA**

43. Plaintiff JOSUE TEJADA re-adopts each and every factual allegation in reference to him, as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

44. Defendant JIAU CONSULTING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a restaurant serving mostly the tourism industry. Defendant had more than two employees recurrently engaged in commerce or in the production of goods

for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto proportionally in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

45. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a restaurant employee working in an establishment serving to the tourism industry. In addition, Plaintiff through his multiples activities regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

46. This action is brought by Plaintiff JOSUE TEJADA to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

47. Defendant JIAU CONSULTING employed Plaintiff JOSUE TEJADA, as a busser, from December 6, 2016, to March 24, 2017, or 15 weeks plus three days.

48. While working at JIAU CONSULTING, Plaintiff was paid a minimum wage for tipped employees plus a portion of tips received by waiters that were shared with him.

49. Plaintiff worked 5 days per week, and he had a regular schedule. Plaintiff worked 40 hours per week or more every week. Plaintiff was paid bi-weekly.

50. Even though Plaintiff punched in and out, his paystubs mostly reflected less than 40 working hour per week.

51. Every week Plaintiff was paid for less than 40 hours. Plaintiff complained to JEAN-ALEXANDRE P MAUFROY, but he became furious, and refused to pay the missing regular hours.

52. On or about March 17, 2017, when Plaintiff showed up to work, he found the restaurant closed with a sign that said the restaurant would be temporarily closed due to minor repairs. This came as a complete surprise for Plaintiff, because Defendants never notified employees about the closing.

53. Plaintiff returned the next day and found individual Defendants, who told him that they were closing the place. Defendants convinced Plaintiff of working one more week moving out the restaurant's furniture, equipment and supplies to a storage facility.

54. Plaintiff had been working three weeks without receiving his regular wages. He was promised to be paid, when they finished the moving, the following Monday.

55. However, after Plaintiff completed his fourth unpaid week, Defendants did not answer Plaintiff's telephone calls anymore, and never paid Plaintiff for his last four weeks of work.

56. Therefore, Defendant JIAU CONSULTING failed to pay Plaintiff JOSUE TEJADA minimum wages according to the provisions of the Fair Labor Standards Act. (FLSA).

57. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

58. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

59. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate.
*Florida minimum wage for 2017 is $8.10, which is higher than Federal minimum Wage. As per FLSA regulations the higher minimum wage applies.

 a. <u>Total amount of alleged unpaid wages</u>:

  One Thousand Two Hundred Ninety-Six Dollars and 00/100 ($1,296.00)

 b. <u>Calculation of such wages</u>:

  Total weeks of employment: 15 weeks

Total unpaid weeks: 4 weeks
Total hours worked: 40 hours per week x week
 Florida Minimum Wage: $8.10

$8.10 x 40 hours= $324.00 x 4 weeks = $1,296.00

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages at State of Florida rate

60. Defendant JIAU CONSULTING unlawfully failed to pay minimum wages to Plaintiff.  Plaintiff seeks to recover any unpaid wages accumulated from his day of hiring to his last day of employment.

61. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

62. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

63. At the times mentioned, individual Defendants JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE were and are now, the owners/managers of JIAU CONSULTING. Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of JIAU CONSULTING in relation to the employees

of JIAU CONSULTING, including Plaintiff and others similarly situated. Defendants JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE had financial and operational control of the business, determined terms and conditions of Plaintiff's employment, provided Plaintiff with his work schedules, and they are jointly liable for Plaintiff's damages.

64. Defendants JIAU CONSULTING, JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE, willfully and intentionally refused to pay Plaintiff, and other similarly situated individuals, minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

65. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JOSUE TEJADA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants JIAU CONSULTING, JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Plaintiff JOSUE TEJADA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT III:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS;**
**AS PLAINTIFF FRANCISCO DAVILA**

66. Plaintiff FRANCISCO DAVILA re-adopts each and every factual allegation in reference to him, as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

67. Defendant JIAU CONSULTING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a restaurant serving mostly the tourism industry. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto proportionally in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

68. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a maintenance employee working in an establishment serving to the tourism industry. In addition, Plaintiff through

his multiples activities regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

69. This action is brought by Plaintiff FRANCISCO DAVILA to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

70. Defendant JIAU CONSULTING employed Plaintiffs FRANCISCO DAVILA, as a maintenance employee, from December 6, 2016, to March 24, 2017, or 15 weeks plus three days.

71. While working at JIAU CONSULTING, Plaintiff was paid a wage rate of $10.00 an hour.

72. Plaintiff worked 5 days per week, and he had a regular schedule. Plaintiff worked 40 hours per week or more every week. Plaintiff was paid bi-weekly.

73. Even though Plaintiff punched in and out, his paystubs mostly reflected less than 40 working hour per week.

74. Every week Plaintiff was paid for less than 40 hours. Plaintiff complained to JEAN-ALEXANDRE P MAUFROY, but he became infuriated, and refused to pay the missing regular hours.

75. On or about March 17, 2017, when Plaintiff showed up to work, he found the restaurant closed with a sign that said the restaurant would be temporarily closed due to minor repairs. This came as a complete surprise for Plaintiff, because Defendants never notified employees about the closing.

76. Plaintiff returned the next day and found individual Defendants, who told him that they were closing the place. Defendants convinced Plaintiff of working one more week moving out the restaurant's furniture, equipment and supplies to a storage facility.

77. Plaintiff had been working three weeks without receiving his regular wages. He was promised to be paid, when they would finish the moving, the following Monday.

78. However, after Plaintiff completed his fourth unpaid week, Defendants did not answer Plaintiff's telephone calls anymore, and never paid Plaintiff for his last four weeks of work.

79. Therefore, Defendant JIAU CONSULTING failed to pay Plaintiff FRANCISCO DAVILA minimum wages according to the provisions of the Fair Labor Standards Act. (FLSA).

80. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

81. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

82. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate.
*Florida minimum wage for 2017 is $8.10, which is higher than Federal minimum Wage. As per FLSA regulations the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        One Thousand Two Hundred Ninety-Six Dollars and 00/100 ($1,296.00)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment:  15 weeks
        Total unpaid weeks: 4 weeks
        Total hours worked: 40 hours per week x week
        Florida Minimum Wage: $8.10

        $8.10 x 40 hours= $324.00 x 4 weeks = $1,296.00

        <u>Nature of wages</u>:

        This amount represents unpaid minimum wages at State of Florida rate

83. Defendant JIAU CONSULTING unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated from his day of hiring to his last day of employment.

84. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

85. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

86. At the times mentioned, individual Defendants JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE were and are now, the owners/managers of JIAU CONSULTING. Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of JIAU CONSULTING in relation to the employees of JIAU CONSULTING, including Plaintiff and others similarly situated. Defendants JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE had financial and operational control of the business, determined terms and conditions of Plaintiff's employment, provided his work schedules, and they are jointly liable for Plaintiff's damages.

87. Defendants JIAU CONSULTING, JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE, willfully and intentionally refused to pay Plaintiff, and

other similarly situated individuals, minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

88. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff FRANCISCO DAVILA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants JIAU CONSULTING, JEAN-ALEXANDRE P MAUFROY, and BENOIT R NANQUETTE on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff FRANCISCO DAVILA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: May 17, 2017

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.

Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*